## NATHALIE JUDICE *v.* FELICITE NEDA.

*The insolvency of the husband will not prevent a conveyance of property by him to his wife for the purpose of replacing her dotal and paraphernal effects, alienated during the marriage.*

APPEAL from the District Court, Parish of St. Martin, *Voorhies*, J. *Albert Voorhies*, for plaintiff. *Olivier*, for defendant and appellant.

ROST, J. The plaintiff opposes the seizure of immovable property, made at the suit of the defendant, on the ground that this property was conveyed to

JUDICE
*v.*
NEDA.

her by her husband, to replace her paraphernal effects alienated during marriage.

The defence is, that the husband was insolvent at the date of the sale, and that Art. 2421 of the Code does not extend to the case of a husband in failing circumstances.

This is clearly an error; the wife, before she obtains a separation of property is bound to allege and prove the embarrassment of her husband, and to justify her belief that his property may not be sufficient to meet her rights and claims; so that the husband must generally be in failing circumstances before a separation of property can be obtained—and yet article 2421, expressly authorizes transfers of property by the husband to the wife in satisfaction of those judgments. There is no distinction made between transfers made after a judgment of separation, and those which are made without such a judgment.

The case of *Montilli* was one of declared insolvency by the husband, and came as such under the provisions of the Act of 1817. The sale made to the wife in that case was set aside because she had not brought herself within the letter or spirit of the proviso of the 24th section of that Act, by showing the reality and good faith of the transaction. In this case there is no declared insolvency, and the claim of the wife is conclusively proved. 1 Ann. 42.

Creditors are not without remedy in cases where the husband has given an unjust advantage to his wife, under the pretext of replacing her dotal or paraphernal rights. See *Spurloch* v. *Maner*, 1st Ann. 301.

If it were alleged and made probable that the value of the property given in payment to the wife was underrated, and the husband was shown to be insolvent, we would feel authorized to grant relief—but there is nothing in the record upon which we can act.

The plea of *res judicata* is clearly untenable. The contract avoided in the first suit was not the one under which the defendant claims.

The judgment is affirmed, with costs.