## No. 8177.

MARY ANN LEVI, EXECUTRIX, VS. DANIEL MORGAN ET AL.

A creditor of the husband, holding a mortgage on property transferred by the latter to his wife in payment of her paraphernal rights, has no reason to contest the legality of the transfer, inasmuch as the property is transferred subject to the mortgage of the creditor, towards whom the wife is then in the position of a third possessor.

There is no legal objection to the husband's transferring to his wife, in payment of her paraphernal rights, property encumbered with a mortgage, because the wife takes the property subject to the mortgage, without assuming the debt of her husband.

The insolvency of the husband is no legal obstacle to the transfer made by him to his wife in satisfaction of her paraphernal claims, and, in that respect, such transfer is not subject to the rules which govern the revocatory action. There is no difference to be made whether the transfer takes place after judgment of separation, or without such judgment. Previous decisions affirmed.

APPEAL from the Seventeenth Judicial District Court, parish of East Baton Rouge. *Sherburne*, J.

### *Saml. P. Greves* for Plaintiff and Appellant:

First—A *dation en paiement*, made by the husband to the wife in satisfaction of her paraphernal rights, must be for the full value of the property transferred, and the burden of proof is always upon her to show that value. R. C. C. 2655 *et seq.*; 30 An. 202, 511, 1114; 23 An. 439; 1 An. 301; 8 An. 484.

Second—The evidence of the wife's mortgage must be recorded in the mortgage book, according to the provisions of Art. 3349 R. C. C., but such recording shall in no manner be evidence of the debt or claim, other than the law may award to acts of the kind when unrecorded. R. C. C. 3357.

Third—An insolvent cannot give in payment to one creditor, to the prejudice of the others, any other thing than the sum of money due. R. C. C. 2628; 30 An. 511. See, also, 26 An. 296; 11 La. 424.

### *Herron & Beale* for Defendants and Appellees:

First—Absolute accuracy is not required in the details of a wife's claim, made by the husband, in order to preserve her mortgage against him. If the source of the claim recorded

be probably the same as the one afterwards proved to be a valid claim against the husband, it is sufficient to preserve her mortgage. Art. 1900 R. C. C.; 14 An. 563; 1 An. 432; 15 An. 666.

Second—Art. 2398 R. C. C. prohibits the wife from assuming a debt of her husband in a transfer from him to her, but does not prevent her from accepting a transfer of property on which a mortgage prior to hers rests.

Third—Known insolvency is ordinarily of the essence of the revocatory action. It does not lie against a transfer by the husband of property to replace her alienated paraphernal funds; on the contrary, the husband's embarrassment is the condition precedent to a judgment of separation of property. There is no distinction between transfers made after a judgment of separation, and those which are made without such judgment. 2421 C. C.; 8 An. 485; 30 An. 745.

Fourth—The onus is on plaintiff, attacking a transfer made by the husband to replace his wife's alienated paraphernalia, to show that the appraisement made at the time of transfer was unfair. 30 An. 746.

The opinion of the Court was delivered by

Todd, J.   Plaintiff, as judgment creditor of Daniel Morgan, one of the defendants, brings this suit to set aside a *dation en paiement* made by him to his wife, co-defendant in the suit, for the alleged purpose of replacing her paraphernal funds, disposed of by him.

The plaintiff caused execution to issue upon her judgment in December, 1879—the judgment having been rendered on the 10th July, 1877, and recorded the next day.   The sheriff returned the writ in no part satisfied, after demand on the judgment debtor, and due diligence to find property.

Thereupon this suit was instituted on the 20th of February following, 1880.

The record establishes :   That on the 26th of June, 1877, Morgan acknowledged himself indebted to his wife in the sum of $2100, and this acknowledgment he caused on the same day to be recorded in the Recorder's office of the parish of East Baton Rouge, in the book of mortgages.

On the 30th of June, 1877, he transferred, in part satisfaction of this alleged debt, to his wife certain movable property, estimated in the act at $1020; and on the 4th of October, 1879, made the transfer attacked in this suit, of a tract of land, as a payment on the balance.

The plaintiff alleges as grounds for annulling the transfer complained of, that there was no real consideration for the transfer; that Morgan was not indebted to his wife, and that the consideration expressed for the transfer was wholly inadequate and out of proportion to the real value of the property.

The answer was a general denial, an averment of a real indebtedness on the part of Morgan to his wife, and the reality of the transfer for an adequate consideration.

From a judgment in favor of Mrs. Morgan, rejecting plaintiff's demand, she, plaintiff, has appealed.

There are two questions to be considered in this case.

The first is as to the existence of a real indebtedness on the part of Daniel Morgan to his wife; and, secondly, if so, whether the price or consideration of the transfer or giving in payment was less than the actual value of the property.

On the 26th June, 1877, Morgan, the husband, filed and had recorded in the recorder's office of East Baton Rouge, his sworn statement, in which he acknowledged an indebtedness to his wife in the sum of $2100, and set forth the items of that indebtedness and the causes out of which it grew.

On the 30th of June, 1877, Morgan settled $1020 of this sum by a transfer of certain movable property, leaving an apparent balance of $1080 due; and on the 4th of October, 1877, the *dation en paiement* was made the object of attack in this suit, by which all except $80 of this balance was satisfied.

The plaintiff's counsel admits that Morgan was indebted to his wife in the sum of $1440, and to this amount that a legal mortgage in her favor existed on the immovables of her husband; but contends, as this debt, to the extent of $1020, had been settled by the first transfer of the movables mentioned, that there only remained $420 due at the time the second transfer—that of the land—was made; and that this balance constituted the sole consideration for such transfer. The evidence satisfies us that Morgan was indebted to his wife, when he filed the statement referred to, the amount of $2047 54.

How much of this debt operated as a mortgage upon his property, outranking the judicial mortgage in favor of the plaintiff under her recorded judgment, it is not necessary for us to decide, from the conclusions we have reached as to the law bearing on this case, or this branch of it.

If a real indebtedness existed in favor of the wife, whether it imported a mortgage or not on the immovables of the husband, the latter could discharge such indebtedness by a *dation en paiement* to the wife, if there was no other obstacle opposed thereto but a superior mortgage or privilege thereon in favor of another creditor of the husband, but such transfer would be made subject to such superior right or claim on the part of this creditor, who could not be prejudiced by such disposition of the property. Admitting, therefore, that the plaintiff's mortgage outranked a part or the whole of Mrs. Morgan's mortgage, this fact, of itself, would not entitle her to have the transfer set aside, if there was a real price or consideration for the transfer, whether such price or consideration was a mortgage debt or not.

Plaintiff's remedy would be, under such circumstances, not the annulment of the sale, but the enforcement of her superior mortgage by the proper proceeding against the property in the hands of Mrs. Morgan as third possessor—a right accorded to all creditors holding a superior mortgage or privilege thus to pursue the property subject to it, in whosoever possession found, and have it sold to pay their debt.

The question relative to the existence and rank of the respective mortgages claimed, would more properly come up in case of a contest over the proceeds of the sale of the property, or in an hypothecary action against the present possessor of it.

However we may view the subject, it is obvious that the holding of a superior mortgage, or an only mortgage, upon it, gives no right of itself to demand the nullity of a sale made by the debtor of the property mortgaged, for the reason that such sale in no manner impairs or affects the rights of a creditor holding such superior mortgage.

## II.

The evidence in regard to the value of the property transferred is somewhat conflicting and unsatisfactory; but we are not prepared to say, from a careful review of it, that the judge a quo, who heard, and probably knew the witnesses, and was doubtless familiar with the subject of their testimony—the value of lands in the parish of his residence—erred in the conclusion which he reached on this point. It is a matter of great difficulty to establish the real value of lands in the country, where, as in this case, it was shown by the testimony of some of the witnesses, that there was no actual demand for lands of that description, and that if it had been offered at public sale, unless bought in by one of the parties, it probably could not have been sold at any price—a condition of things attributable, as shown, by the difficulty of procuring labor, the scarcity of money, and other unfavorable circumstances.

Nor was it improper in the appraisers of the land to take into consideration the incumbrance on the land, in making their valuation of it preparatory to its transfer by Morgan to his wife. The question was, what was this property worth to the wife, who proposed taking it in satisfaction of her debt. To ascertain its real worth to her, and what she could afford to allow for it, the incumbrance upon it should have been taken into consideration.

It was quite certain that, whatever incumbrance existed, it would not be discharged by the insolvent husband; and the actual nature of the land was only what it was worth over and above the prior mortgage. Nor can it be said that this involved the question, raised by the plaintiff's counsel, of the right of the wife to assume the husband's debt, for taking the land, subject to the mortgage, even with the expectation of having it to pay, implied no assumption of the debt. This mortgage

was shown to be not less than $500. The record evidence of its exist-
ence was properly admitted as bearing upon the issue touching the
value of the property, and the sufficiency of the price given therefor.
It made out a *prima facie* case of a legal mortgage on the land, which
was not rebutted by opposing evidence.

Considering this prior mortgage on the property, the evidence fails
to satisfy us that the valuation of it by the appraisers was too low, or
the price or consideration of its transfer insufficient, and that it should
be set aside on this account. In cases of this kind, we must, as stated,
rely greatly on the discretion of the judge *a quo;* and his judgment of
the matter must appear clearly erroneous, or it will not be disturbed.

### III.

Lastly, the plaintiff's counsel contends that the sale or transfer
should be set aside, because Morgan, the husband, was insolvent when
he made it ; and that it was a clear case of a preference of one creditor
over another. This proposition would have great weight, were the legal
question involved in it a new one; but it has been fully settled by fre-
quent adjudications of this Court, that transfers by the husband to the
wife, in satisfaction of her paraphernal claims, are not subject to the
same rule that applies, ordinarily, to the revocatory action, and the right
to such action. Thus, in the case of Judice vs. Neda, 8 An. 485, the
Court said: " The wife before she obtains a separation of property, is
bound to allege and prove the embarrassment of her husband, and to
justify her belief that his property may not be sufficient to meet her
rights and claims; so that the husband must generally be in failing cir-
cumstances before a separation of property can be obtained—and yet
article 2421 expressly authorizes tranfers by the husband to the wife in
satisfaction of those judgments. There is no distinction made between
transfers made after a judgment of separation and those which are made
without such judgment."

And again, in the case of Lehman, Abraham & Co. vs. Mrs. Levy and
Husband, 30 An. 745 : " Neither the pecuniary embarrassment nor the
actual insolvency of the husband is any obstacle to a transfer by the
husband to the wife in good faith, for the replacing of her money or
property alienated by him."

The rights of the parties under their respective mortgages cannot
be determined in this suit, and we express no opinion in regard to them;
and inasmuch as the judgment of the lower court, by its terms, seems
to conclude the mortgage rights asserted by the plaintiff in the land in
question, and to make the sale or transfer attacked a finality as to the
respective mortgage rights of both parties, it must be amended in this
respect by the proper reservation.

It is, therefore, ordered, adjudged and decreed that the judgment

appealed from be amended, by reserving to the parties to this suit their rights, if any, under the respective mortgages claimed by them upon the land in question, with the right to assert or enforce the same in any future proceeding; and as thus amended, the judgment be affirmed; the plaintiff and appellant to pay the costs of the lower court, and the defendants and appellees the costs of this appeal.