## No. 1,318.

MARY E. GLAZE, WIFE, ET AL. VS. C. C. DUSON, SHERIFF, ET ALS.

A *dation en paiement* by a husband to his wife, whereby she assumes and agrees to pay debts of the husband to his vendors, is a contract not authorized but prohibited by law, and does not pass the property from the former to the latter

A *dation en paiement* of property consisting of movables and of an interest in real estate, for one and the same price, is indivisible, and must stand or fall as an entirety; but this is not the case where two distinct valuations have been put on each class of property.

A contract which sets forth two distinct considerations, for two different objects, although for one main purpose only, is legally divisible, and will be maintained as valid in part notwithstanding the other part be absolutely void, as prohibited by law.

Glaze et al. vs. Sheriff et als.

A PPEAL from the Thirteenth District Court, Parish of St. Landry. *Estilette*, J.

*Thomas H. Lewis*, for Plaintiffs and Appellants.

*Kenneth Baillio*, for Defendants and Appellees:

1. Plaintiffs cannot be heard to set up exceptions as means of defense, and to have them tried separately, and in advance of the merits. This system of pleading and practice is confined to defendants. C. P. 20.

2. Contracts between husband and wife as a general rule are forbidden. C. C. 1790; 30 Ann. 293. Their capacity to contract is exceptional, and limited to certain specified cases. C. C. 2446, 1 Ann. 301; 2 Ann. 483; 4 Ann. 65; 5 Ann. 600; 14 Ann. 601, 21 Ann. 466; 23 Ann. 439; 26 Ann. 375; 27 Ann. 173; 28 Ann. 758; 30 Ann. 293; 33 Ann. 532,

3. The wife, whether separated in property by contract or by judgment, or not separated, cannot bind herself for her husband, nor conjointly with him, for debts contracted by him before or during the marriage. C. C. 2398. Such contracts are prohibited, and are absolutely null, and the creditors of the husband may disregard them, and seize property so transferred to the wife without resorting to an action of nullity. 1 Ann. 301; 2 Ann. 483; 4 Ann. 65; 5 Ann. 600; 14 Ann. 601; 21 Ann. 466; 23 Ann. 439; 26 Ann. 375; 27 Ann. 193; 28 Ann. 758; 30 Ann. 293.

4. Whatever is done in violation of a prohibitory law is null. C. C. 12.

5. The prescription of one year has no application to contracts between husband and wife, which are prohibited by law. See authorities referred to in No. 3.

6. A judgment affirming a *dation en paiement* made to the wife adds nothing to it. 30 Ann. 226.

7. A *dation en paiement*, in which the wife assumes the debts of the husband is null, and such assumist vitiates the whole contract, which is one and indivisible, and avoids the whole contract. See authorities in No. 3.

8. A contract is morally impossible if forbidden by law. C. C. 1892.

9. An intervenor claiming property under seizure must show conclusively that the property is his.

10. On the dissolution of an injunction defendants are entitled to 20 per cent on amount of the judgment as damages. C. P. 304. Also to counsel fees as special damages. 17 L., 263; 4 Ann. 304; 12 Ann. 239; 2 L. 102; 5 L. 246; 14 Ann. 333.

11. A plaintiff in injunction is, however, not entitled to counsel fees as damages. See No. 10; 19 L. 357; 13 Ann. 449, 193; 14 Ann. 311, 757, 826; 10 Ann. 563.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The plaintiff enjoins the sale of certain property, seized by a judgment creditor of her husband, and charges that it belongs to her, for having been given to her by him, in payment of her claims against him.

The property consists in movables and in a two-third interest in certain real estate.

The defense is, that the *dation en paiement* is an absolute nullity, for the reason that the wife has, by the act, assumed anterior claims, debts

due by her husband, and that such assumption is expressly prohibited by law.

There was judgment annulling the *dation,* as concerns the interest in the real property, but maintaining it as to the movables, as to which the injunction was perpetuated.

There was a reserve made in favor of plaintiff for the assertion and vindication of what rights she may have, in some other proceeding.

The defendants pray for an amendment of the judgment by an allowance of damages sustained in consequence of the wrongful issuance of the injunction.

The plaintiff also asks that damages be allowed her for the wrongful seizure of the property, and which consist in her liability for counsel fees.

The case was ably argued by counsel on both sides, and the reasons assigned in writing by the learned judge *a quo* show that it received at his hands an elaborate and thorough examination.

The act of *dation en paiement* enumerates the items of liability of the husband to the wife, showing it to amount to $4751.

It shows that, in order to secure her against loss, he gives, assigns, sets over and delivers unto her, stock and farming utensils and his two-third interest in certain real estate, that seized by the judgment creditor and now claimed by the plaintiff.

The price is credited with the sum of $1615, and the rest $2900, due by the husband to the Tucker heirs, his vendors, is assumed by the wife, with the distinct statement that the same will be paid to them by her.

It is evident that this contract between a husband and a wife not being authorized by, comes within the ban of, article 1790 R. C. C., which expressly prohibits all transactions between such parties, when the same are not formally sanctioned and legitimated.

A long line of precedents establishes beyond dispute, that the capacity of such parties to contract is restricted to cases specially mentioned, and that it is immaterial, whether the wife be or not separated in property from the husband. She is not, in any case, permitted to bind herself or her property either with or for her husband, for debts due by him, whether before, or after marriage.

It is true that there are precedents, from which it appears that the wife has been recognized the right of acquiring encumbered property, the amount secured by anterior mortgages or privileges being deducted from the purchase price, but there are also cases in which a different doctrine has been formerly announced.

All the authorities may well be reconciled by the simple distinction that a wife may acquire *cum onere*, without making herself personally liable, while she is not allowed to do so where she assumes to pay the debt as her own, the debt of her husband.

The reason for this is obvious, that in the first case she retains the amount and takes the property with the privilege of surrendering it, in the event of an hypothecary action or the like, without incurring any persoual obligation, should it not realize sufficiently to satisfy the debt, and that, in the second case, that of assumption, not only would the property be liable to seizure and sale, for the judgment of the debt, but besides, would she, in case of deficiency, be personally responsible, and her separate estate subjected to the payment of the wanting amount.

Hence, the laborious effort of the plaintiff to establish that she did not assume, but acquired *cum onere*. This is unavailing, as the fact is indisputable that she accepted the *dation*, with the express understanding that she assumed the debt of her husband to his venders, *binding herself to pay it to them.*

The argument has no force, that a married woman can legally accept a *dation en paiement* by her husband, even though she agrees to assume to pay a debt of his, secured on the property at the time of the the contract between them, *provided* the transaction *enures* to her benefit.

The distinction might have more weight were the Spanish law which once prevailed here still in existence, but such is not the case 61st Toro; 7 M., 465.

No reasoning has been offered, or authority quoted to support the proposition.

The contract must or not be valid, at the date of its formation, and cannot be made to depend upon contingencies, particularly when the rights of third parties may be affected thereby.

Were the contract between the husband and the wife in this case one between a third party and the wife, a question might well arise, whether the wife would acquire such property for her own account, and whether it would not be a purchase for the benefit of the community.

The spectacle would be presented of a wife having no more than $1615 in cash, and no prospect of acquiring more, purchasing property for thrice the amount on hand.

The law does not favor speculations of such a character by a mar-

ried woman.   It watches with as much solicitude over them and their property as it does over minors and their estate.   16 Ann. 215.

The act of *dation* does not discriminate in the price, which is one for both, the stock, the implements of husbandry and interest in the land, and the transaction being a unit, cannot be legally divided.

It cannot stand as an entirety, and must, therefore, be completely undone and fall, with the declaration that the property which was the object of it not having passed from the husband to the wife, was liable to seizure by the former's creditors.

The *dation* having been made in violation of a *prohibitary* law is a nullity, and the *asserted* writ may be proceeded with.

We think that the execution of a money judgment having been arrested by the injunction, and the writ having been dissolved as wrongfully obtained, the seizing creditor is entitled to special damages for attorney's fees in obtaining the dissolution, which may be put down at $150.

It is, therefore, ordered and decreed, that the judgment appealed from be reversed so far as it maintains the *dation* of the movables, and perpetuates the injunction as to them ; and it is now ordered, that said injunction be dissolved as to said movables.

It is further ordered, that said judgment be amended by allowing the defendants' seizing creditors the sum of one hundred and fifty dollars ;

And that thus reformed and amended said judgment be affirmed with costs.

---

### ON REHEARING.

The plaintiff complains that this Court erred in not recognizing her title to the movables given to her in payment, by her husband, and which were seized under the writ of the judgment creditor.

In support of that complaint her counsel calls our attention, for the first time, to the consideration, which he admits not to have urged before, that in the *dation* the movables were valued at a price totally distinct from that fixed for the interest in the land.

Verification establishes that, indeed, the movables which were not encumbered had been valued at $1075, while the land interest was appraised at $4515.

A discrimination thus being legally possible, the *dation* is not an indivisible unit, and can well be severed.

In other respects the plaintiff acquiesces in the correctness of the opinion delivered.

It is, therefore, ordered, that our previous decree, so far as it reverses the judgment of the lower court maintaining the *dation* of the movables and perpetuates the injunction as to them, be set aside, and considered unwritten, and it is now ordered, that said judgment be affirmed, and that in other respects, our said decree remain undisturbed.