## No. 1409.

### RICHARD KEOUGH vs. J. MEYERS & Co.

Whatever be the *name* given to an act, its character, when necessary, may be ascertained by inquiry into the nature of the transaction and the intent of the parties to it.

An act, ostensibly a *sale*, the purpose of which was to extinguish a real indebtedness, is not a *mortgage*, but a *dation en paiement.*.

Such act, for an adequate price, containing a stipulation of the right of redemption n favor of the transferrer, within a limited time, is valid.

The failure of the transferrer to pay the price for the redemption, seasonably, divests him of all his rights to reacquire, and the ownership accrues absolutely to the transferee.

A sale will not be annulled on the ground of lesion beyond *moiety*, in the absence of clear proof of the injury.

APPEAL from the Thirteenth District Court, Parish of St. Landry. Lewis, J.

*Kenneth Baillio* for Plaintiff and Appellant:

1. The contract must not be confounded with the instrument in writing by which it is witnessed. C. C. 1762, Hen. Dig 1000, No. 4, and cases cited.

2. In contracts, the essence, rather than the form, is to be looked to. C. C. 1764.

3. Where it is evident that a contract executed in the form of a sale was intended to be a mortgage, or security-contract, effect will be given to it as such.

4. A sale *a remere*, where the vendor remains in possession and where the price stated is much less than the real value of the property, will be treated as a mere mortgage. 16 An. 11; 5 An. 99; 31 An. 318; 23 An. 665, 201; 38 An. 891; 40 An. 307.

5. The debtor controls the imputation of payments made. C. C. 2163.

6. In the absence of express imputation, the payment will be imputed to the most onerous debt. C. C. 2166.

7. No presumption of imputation arises from the imputation carried on an account by the creditor, without the knowledge of the debtor.

8. Open accounts are prescribed by three years. C. C. 3538.

9. An account which has never been rendered to the debtor, though closed on the creditor's books, can not be considered *un compte arrêté*, and is prescribed by three years. C. C. 3544, 3548.

10. A defendant can not resort to a sequestration, nor use it as a means of ousting a plaintiff in a real action, while such a real action is pending, and such a proceeding is an abuse and perversion of the functions of the writ. C. P. 269, 274.

11. On the dissolution of a sequestration improperly sued out, not only actual, but punitory damages will be allowed, where it is shown that the writ was issued maliciously, and without cause.

12. The estimate of damages is a moderate and sober one. This court has always held that sequestration is a harsh remedy, and if issued without cause, the party whose property is unlawfully taken from him should have summary redress. 2 An. 826; 4 An. 452; 7 An. 581; 5 N. 545; 37 An. 552.

13. In regard to the standard of damages, it has been decided that defendants' probable loss in being deprived of the free use and disposal of his property is the true test, and that he should be placed as nearly as possible in the situation he would have been in, had the writ not issued. 11 R. 145; 6 L. 270; 5 An. 713.

14. Counsel fees for defending the sequestration proceedings will also be allowed as damages. 5 An. 713; 10 An. 10; 11 An. 321; 15A n. 504.

15. Where a party proceeds in bad faith, and the circumstances show that the purpose was to oppress and injure, and that the party knew he had no just cause of action, exemplary damages will be allowed. 6 An. 373; 13 An. 214; 9 An. 219.

16. Sequestration (other than judicial sequestration proper) can only be issued by

a plaintiff. C. P. 269, 274, 276, 277, 278, 279, 280, 282.

17. Evidence in possession of a party must be produced or its absence accounted for, otherwise the presumptions will be against him. 11 M. 4, 194; 3 L. 534; 10 An. 639; 13 An. 397; 14 An. 207.

*Estilette & Dupré* for Defendants and Appellees:

Defendant may bring in his answer an incidental demand. C. P., Arts. 328, 322, 374.

Sequestration may be ordered at the request of one of the parties in a suit when one claims the ownership or the possession of real property, and has good ground to apprehend that the defendant may make use of his possession to dilapidate or to waste the fruits or revenues produced by such property, or convert them to his own use. C. P., Art. 275, Par. 3.

A written contract is the best evidence of the intentions of the contracting parties. To vitiate or change its character for fraud or error, the clearest and most convincing evidence is required.

A contract of sale will not be considered or intended for a mortgage, when the purchaser already had a mortgage and vendor's privilege on the property. He can not be presumed to have done a useless thing.

No lesion can be predicated of a mere adventure, when there was no deceit and the parties were equally apprised of the facts. 7 An. 478.

The value of the property at the time of the sale is the rule to ascertain the lesion. If the value be not fixed within a certain range by the evidence, the lesion is a matter of conjecture and must be considered as not proved. C. C. 2590; 7 An. 667; 8 An. 483; 37 An. 22.

When the property sold is left with vendor to enjoy its use as a residence and the fruits and products thereof, the value of the rent is a part of the price and consideration of the sale. 37 An. 25.

He who seeks to avoid and annul a contract of sale for legal cause, must restore the full price. If this be in notes past due, he must pay the money.

Actual possession, as in all contracts of pledge, is of the essence of an antichresis. C. C. 3152; 7 An. 526.

Plaintiff must not only make out a probable case; he must make it reasonably certain, to be entitled to a judgment.

The opinion of the court was delivered by

BERMUDEZ, C. J. The object of this suit is to have an act of *sale* of real estate declared to be an act of *mortgage*, or, if not such, to be a nullity for lesion beyond *moiety*, and, if neither, to be an *antichresis*.

The defense is, that the transaction between the parties was a *sale*, with the pact of redemption; that, by the failure of the vendor to pay the price agreed on, seasonably, he has ceased to have any title to the property, and that the ownership has vested absolutely in the purchasers.

From a judgment rejecting the plaintiff's demand, this appeal was taken.

The petition is elaborate and enters into extensive details, which

it would be unprofitable to announce. As much, perhaps, may be said of the answer.

The stubborn facts of the case may well be stated to be the following:

It appears that the plaintiff, being indebted unto defendants in the sum of $1583, gave them in payment for this debt, under the form of a *sale*, certain property belonging to him, and that, subsequently, the purchasers sold to the vendor the same property for the sum of $1700, for notes at one and two years, secured by vendor's privilege and special mortgage.

Fearing that he would be unable to pay the notes at maturity, the plaintiff retroceded in advance of the maturity the property to his vendors, the defendants, also under the guise of a *sale*, on the surrender to him of the two notes cancelled, with the stipulation of his right of redemption within a delay specified, on payment of the sum of $1700. The vendor was allowed to remain in possession without charge until the 1st of January, 1890.

The vendor, who is the plaintiff, enjoyed the property during that time, failed to pay the amount stipulated within the fixed period, offering in place to return the notes, *not* the *amount* of the same, and to restore the *status in quo;* a proposition which was declined by the purchasers. The vendor continued in possession, time taking its course.

In the apprehension of an ejectment, the vendor, Keough, brought the present suit to have his sale to Meyers & Co. declared to have been intended by the parties as a mere *mortgage* to secure his indebtedness to them.

Apprehending a failure in this attempt, he charged that the *sale* should be annulled for lesion beyond *moiety*, because the price was not $1750, the amount of the notes as stipulated, but $1107.94, which was the sum at which the notes had been reduced, by partial payments and credits, and the property was worth at the date $3841.50, more than *three* times the consideration truly received.

## I.

It may well be, that the act of January 3, 1889, which is ostensibly a *sale* by Keough to Meyers & Co., the consideration of which was the return to him of his two notes of $875 each, aggregating $1750, was not in reality a *sale*, as there was really no *price* paid, or to be

paid; but this would not make it to be a *mortgage* under any circumstance, for the very obvious reason, that there existed no sensible reason for a transaction between the parties under that form, inasmuch as the debt which could have been thus secured was at that time guaranteed by a vendor's privilege and a special mortgage on the *same* property.

The transaction was rather a *dation* in payment of the property by Keough to Meyers & Co., in consequence of which his liability to them on the two notes was extinguished, which were cancelled and returned to him.

## II.

The next complaint, somewhat inconsistent and antipodal, is that, if the transaction was not a *mortgage* but a *sale*, it should be annulled for lesion beyond *moiety*.

On this score the plaintiff contends that the real consideration was $1167.94, and that the property was worth $3841.50.

It is unnecessary to stop to consider whether the plaintiff is or not entitled to the credits which he claims on the notes, and it shortens investigation to accept his own figures.

On the trial he offered testimony to show the value of the property. Two of his witnesses appraised it at $2500, and a third one at between $1200 and $1400; while the three witnesses heard on behalf of the defendants, equally reliable, estimated it from $1100 to $1300, which would give an average of $1600, at the most $1700.

Now, if the consideration was $1167 and the worth of the property was $1600, or even $1700, how can it be seriously claimed that there was lesion beyond moiety?

During the trial the property was offered by Meyer to Keough for $2000, in which were, probably, included the $1700 and the value of the occupancy and enjoyment by Keough, $300. The offer was not accepted.

It would seem, besides, that Keough should be, to some extent, estopped from claiming that the property was sold for less than half of its value, for the reason that it appears that on April 24, 1884, *he* gave it in payment to Meyers & Co. of the sum of $1583, which he acknowledged then owing them, and they, on the same day, sold it, apparently to him, for $1750, for which he issued the two notes already mentioned. No material subsequent enhancement has been shown.

## III.

The pretension that the transaction was in the nature of an *anti-chresis* is abandoned.

The District Judge made a correct appreciation of both facts and law.

We concur with him that the act was not a mortgage, but a sale; that the property was transferred for an adequate and just consideration; that the failure of Keough to redeem the property within the time limited has stripped him of all claim to the ownership, which has thereby absolutely vested in Meyers & Co., who must be quieted therein.

Judgment affirmed.

___

### On Application for Rehearing.

BREAUX, J. Plaintiff, in his petition for a rehearing, urges that his alternative plea has not been especially referred to in the opinion.

The fact is, that we did not refer, in term, to a difference of $532.06. It is also averred that we did not decide by special reference to the legality, *vel non*, of the writ of sequestration sued out by the defendant, as plaintiff in reconvention.

Our opinion leads inevitably to one conclusion:

If $1700 was the purchase price at which the property claimed was transferred by act of 3d January, 1889, it included the $532.06; special mention of the fact was of no importance, as it was made evident by the decision that it is included in summing the consideration of the transfer. The title of the defendant to the property having been recognized, for the same reason the writ of sequestration and the motion for its dissolution were not referred to specially; the writ was maintained by the conclusion reached.

We will reconsider plaintiff's propositions and write down the grounds of our conclusions.

In plaintiff's petition, the correctness of the settlement of April 24, 1884, in so far as relates to the debit side of the account, is admitted.

The balance was $1750, for which plaintiff executed his two notes of $875 each.

Plaintiff alleges that on the 18th day of November, 1884, he delivered to defendants four bales of cotton, charged at $171; on the 2d December, 1884, $15 was paid.

Plaintiff charges that $18 were overlooked in 1880.

Petitioner represents that these several sums were intended by him as payments on the note first falling due.

On the 3d of January, 1889, he sold to defendants one of the tracts he bought in 1884 for $800 cash, and he avers that this amount was to be credited on defendant's claim.

On the same day another tract was sold by them to him for $1700. The vendor was given until the 1st day of January, 1890, to redeem the land on payment of this amount, which he in the deed solemnly admitted to be due.

The deed before mentioned recites "that in case the vendor shall well and truly pay to the purchasers  *  *  *  the sum of $1700." The plaintiff contends that there was error in that declaration; a contention he has failed to prove. He testifies that he believed when he signed the act of January, 1889, he had been credited by the defendants, and that he remained indebted in amount expressed by the last mentioned balance; that some time afterward he discovered that proper credit had not been given.

These deeds contain his declarations solemnly made with reference to the amount due.

The defendant testifies directly and positively that the recitals of the deeds are all correct.

He produces his accounts.

These show the balances set forth in the deeds. The plaintiff's positive denial is the only testimony to set aside the deed as incorrect. The plaintiff swears that $1167.94 is the amount. The defendant testifies it is $1700. The conflicting testimony can lead but to one conclusion, that the declaration in the deed is correct.

They are the deeds of the plaintiff as well as those of the defendants. We only enforce their terms and conditions and leave the plaintiff where he deliberately and solemnly chose to place himself.

With reference to the demand for the dissolution of the writ of sequestration, it does not present insuperable difficulties. Plaintiff's able and energetic counsel will admit that a pleader becomes a plaintiff in a demand by him in reconvention.

As plaintiff in reconvention, the owner of an immovable property can have it sequestered under Act 275, of the C. P.

The demand that the act of January 3, 1889, be treated as a mortgage and not a sale; that, if treated as a sale, it be annulled for lesion beyond moiety, has been reconsidered.

Sheriff and Tax Collector vs. Gall & Pharr.

With the evidence before us, we have risen from the consideration convinced that these transactions between the plaintiff, debtor, and the defendants can not in law be changed or annulled.

The condition was that if plaintiff did not pay the $1700 on January, 1890, the place sold would be by him delivered to the defendants.

The amount is proven as correct, and the delivery was but in compliance with plaintiff's obligation as vendor.

Rehearing refused.