102 So.2d 52

Mrs. Ellen Wall McNabb MILLER

v.

Henry W. MILLER.

No. 42620.

June 10, 1957.

On Rehearing Nov. 12, 1957.

Further Rehearing Denied Feb. 10, 1958.

William T. Bennett, R. G. Van Buskirk, Clinton, for plaintiff-appellant.

Richard H. Kilbourne, Clinton, for defendant-appellee.

SIMON, Justice.

The validity of an authentic act of dation en paiement executed by a husband and wife wherein the husband conveyed a one-half undivided interest in his separate property to extinguish a debt due to his wife in the sum of $750, which sum he therein acknowledged having received from her sep

arate funds and having used in his personal and business affairs, is assailed by the husband.

Plaintiff and defendant were married on December 9, 1930, each then owning and possessing separate estates, the wife's estate being situated in the Parish of St. Helena, and the husband's in the Parish of East Feliciana. Their matrimonial domicile was established on the tract of land comprising 145 acres in the Parish of East Feliciana and on which they are presently living together as husband and wife.

On August 21, 1942, the act of dation en paiement in question was executed and the consideration and other pertinent conditions therein are as follows:

"Henry W. Miller, a resident of the Parish of East Feliciana, said state, who declared and acknowledged that he is justly and truly indebted unto his wife, Mrs. Ellen Wall McNabb Miller, in the just and full sum of Seven Hundred Fifty ($750) Dollars, lawful money of the United States of America, which total sum of money he has made use of in his private affairs and business, being her separate funds acquired previous to her said marriage to the said Henry W. Miller; that wishing to release himself from such indebtedness and refund to her, his said wife, the amount due and owing her as aforesaid, and availing himself of the provisions of Article No. 2446 of the LSA–Civil Code of the State of Lou-

isiana, he did, and does, hereby, make unto his said wife a "dation en paiement" by hereby transferring and conveying unto his said wife, Mrs. Ellen Wall McNabb Miller, here present and accepting, and duly authorized by her said husband to accept, all and singular the property therein described * * *"

The dation contained the following clause granting a right of redemption in favor of the husband:

"It is further agreed that at any time within the space of ten (10) years from this date, this said vendor to have the option to repurchase this said land by paying the price above given plus five (5%) per cent per annum thereon until and if redeemed."

On May 11, 1955 the wife as a co-owner by virtue of the dation en paiement instituted this suit against her husband setting up her title in indivision with him and prayed that the said property be partitioned in kind or by licitation, and that she be authorized to administer, use and enjoy her undivided half as her separate estate.

The defendant denied the material allegations of plaintiff's petition and averred that the alleged dation en paiement is in fact a contract of sale executed in violation of a prohibiting law and hence is null and void. As alternative defenses he plead (1) the alleged lack of consideration, and

(2) the failure of actual delivery of the property necessary to perfect the transaction.

Plaintiff then interposed pleas of prescription of four and ten years against the said alternative defenses.

The district court rendered judgment dismissing plaintiff's suit at her cost and decreeing the act of transfer sued on to be null and void and ordering the same stricken from the conveyance records.

It is too well settled by the decisions of this Court to admit of much discussion that a man may validly transfer to his wife, by dation en paiement, and she may validly receive and acquire cum onero, property so transferred just so long as she does not make herself personally liable for or assume an obligation or debt of her husband.

Under LSA–C.C. Art. 1790 because of the relationship between husband and wife, their contracts with each other are forbidden. The general incapacities of husband and wife to contract as between themselves is subject to three exceptions sanctioned by LSA–C.C. Art. 2446, one of which exceptions permits a contract of sale between them when the transfer made by the husband to his wife, even though they are not separated, has a legitimate cause, as the replacing of her dotal or other effects alienated.

Our civil law favors restitution to the wife and looks with favor upon the efforts of the husband to secure her just and honest claims against him. Hewitt v. Williams, 47 La.Ann. 742, 17 So. 269; Colvin v. Johnston, 104 La. 655, 29 So. 274. It also recognizes the right of the wife, like any other creditor, to exercise diligent efforts to secure her debts and imposes upon the husband an inexcusable duty to aid and assist her in securing her just claims. The insolvency of the husband cannot defeat the legal and valid rights of the wife to have her paraphernal property, converted by the husband, replaced. As consistently stated by us, there exists three essential factors necessary to the validity of a dation en paiement: (1) the real indebtedness of the husband to the wife, (2) the just value of the property transferred for the existing debt, and (3) the delivery of the property to the wife. LSA–C.C. Art. 2446 and cases hereinafter cited.

It is undisputed that the plaintiff wife owned a separate revenue producing estate and which was under her personal administration, both prior to and during her marriage to the defendant. In the act of dation the husband unequivocally stipulated his indebtedness to his wife in the sum of $750, admittedly moneys which he had received from her separate estate and which inured to his separate benefit. In said act he further unequivocally declared that, availing himself of the provisions of LSA–C.C. Art. 2446, the sole purpose and motive underlying the execution of this dation was

his wish and desire to release himself from such indebtedness and to refund to her the amount justly due and owing. Under the positive recitals of this act we are unable to sanction the husband's attempt to avoid or deny his solemn declarations, in authentic form, as is here presented. It is highly significant that the defendant does not attack the authentic document as having been made by mistake, fraud or error on the part of either party thereto.

The law relative to authentic acts is clear and unambiguous. LSA–C.C. Art. 2236 provides that the authentic act is full of proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery. Parol evidence shall not be admitted against or beyond that which is contained in the act, nor on what may have been said before, or at the time of making them, or since. LSA–C.C. Art. 2276.

In the early case of Godwin v. Neustadtl, 42 La.Ann. 735, 7 So. 744, we proclaimed it to be horn-book law in our jurisprudence that the verity and reality of authentic sales can be assailed by the parties thereto only in two ways, viz.: first, by means of a counter-letter; second, by the answers of the other party to interrogatories on facts and articles. In the instant case the defendant has not employed either of the said acceptable modes of contradiction of the transfer here in question.

The defendant further contends that the instrument is a nullity on its face as a result of the redemption clause by which the husband contracted to pay to the plaintiff wife the sum of $750, plus five percent interest per annum thereon from date of the dation en paiement, should he decide to redeem the property, and the wife binding herself to retransfer same should he elect to redeem it within a stipulated period of ten years.

The effect of this redemptive clause is obviously one which is personal to the defendant and constituted a personal advantage to be exercised or waived at his option. Having allowed the period of redemption to expire he must be held to have waived such right, rendering said stipulation as between the parties as though not written; and consequently upon his failure to exercise his right the wife's title to the property therein transferred became absolute, vesting in her a perfect legal title.

In the case of Brooks v. Broussard, 136 La. 380, 67 So. 65, 66, this Court considered the effect of a right of redemption contained in an act of transfer as follows:

"The transaction on the face of the acts was a sale, with the privilege or option of repurchasing within a limited period of time, and for a higher price. In a sale with the right of redemption, the vendor reserves to himself the power of taking back the thing sold by returning the price paid

for it. Civil Code, 2567. If such right is not exercised within the time agreed on by the vendor, the purchaser's title becomes absolute. Id., 2570. Hence, even considering the transaction as a sale with the right of redemption, a perfect legal title vested in the plaintiff on November 1, 1913.

"The purpose of the sale was to provide for the payment of all the incumbrances on the property, and to secure to the vendor a delay of nine months, within which to pay the sum agreed upon as the price of redemption, and also to secure to the vendor the free use of the premises during the year 1913. Boiled down, the transaction was a transfer of property to pay the debts of the vendor, with a stipulation of the right of redemption. In a similar case this court held that an act ostensibly a sale, the purchase of which was to extinguish a real indebtedness, is not a mortgage, but a giving in payment. See Keough v. Meyers & Co., 43 La.Ann. 952, 9 So. 913. In that case, as in this, the vendor remained in possession of the property."

The further contention is made that the act of transfer by the defendant never became effective since actual delivery, allegedly necessary under LSA–C.C. Art. 2656 to perfect such a transaction, was not made.

LSA–C.C. Art. 2479 provides: "The law considers the tradition or delivery of immovables, as always accompanying the public act, which transfers the property. Every obstacle which the seller afterwards interposes to prevent the taking of corporal possession by the buyer, is considered as a trespass."

LSA–C.C. Art. 2656 provides: "That giving in payment differs from the ordinary contract of sale in this, that the latter is perfect by the mere consent of the parties, even before the delivery, while the giving in payment is made only by delivery."

In the early case of Brown v. Brown, 30 La.Ann. 965, we analyzed the effect of the foregoing codal articles and concluded that the apparent reason in the rule pronounced in LSA–C.C. Art. 2656, though not at first apparent, was that a payment is never complete until the thing thereby paid is delivered. We distinguished this rule in considering the transfer of immovables and concluded that what constitutes delivery must be determined by reference to the other provisions of our civil code and recognized the fact that the delivery of immovables is always considered as accompanying the public act transferring them, whether that act be a sale or dation en paiement.

In the case of Jaubert v. Quilter, 48 La. Ann. 244, 19 So. 279, 280, we said: "In the dation en paiement, as in the sale, delivery may be perfected by the vendor holding after the sale as a tenant, or for the purchaser."

In the Succession of Curtis, 156 La. 243, 100 So. 412, 414, the contention was made that actual delivery is necessary to perfect a dation en paiement. We took cognizance of the fact that in the case of Shultz v. Morgan, 27 La.Ann. 616, that Justice Taliaferro, the organ of the court, interpolated the word "actual" which is not found in the text of LSA–C.C. Art. 2656, and further took cognizance of the case of Brown v. Brown, supra, saying: "But so far as the dictum of that case (Shultz v. Morgan) is applicable to the public acts transferring immovables, whether they be sales or dations en paiement, we cannot give it our assent." Thereupon, we concluded that the delivery of immovables, where disposed of by public act, is considered as accompanying the act, whether a sale or a dation en paiement.

In the Succession of Dupre, 218 La. 907, 51 So.2d 317, 319, after declaring that the giving of a thing in payment of an obligation is likened to what is known in common law as an "accord and satisfaction," we held that the delivery of immovables accompanies a public act transferring them by a sale or a dation en paiement, citing and relying on LSA–C.C. Art. 2479, the Brown, Jaubert and Curtis cases, supra.

In the recent case of Warden v. Porter, 228 La. 27, 81 So.2d 707, it was contended that the deed there in question being a dation en paiement made exclusively in satisfaction of a debt was null because of the failure of delivery of the property under the requirements of LSA–C.C. Art. 2656. We held this contention to be without merit for the reason that LSA–C.C. Art. 2479 expressly declares that: "The law considers the tradition or delivery of immovables, as always accompanying the public act, which transfers the property * * *" We further concluded that the continuance of possession by the transferrer of the property in the capacity of a usufructuary did not alter the fact of delivery as accompanying the authentic act.

Plaintiff asserted her right to administer and completely use and enjoy her separate property, to which end she desired a partition. The defendant does not contest her right to a partition of the property and indeed he cannot, for it has long been the settled law of this state not only is one not compelled to own property in indivision with another, but it is equally well settled that a married woman has the right to resume the administration of her paraphernal property at will, and to that end to resume possession of it, and, to acquire and protect such possession, and if necessary may bring suit against her husband, independently of any suit for separation of property, or from bed and board, or for divorce. See Wilkinson v. Wilkinson, 147 La. 315, 84 So. 794.

For the reasons assigned the judgment of the district court is reversed, annulled and set aside and it is now ordered, ad-

judged and decreed that there be judgment herein against the defendant, Henry W. Miller, and in favor of the plaintiff, Mrs. Ellen Wall McNabb Miller, recognizing her to be the true and lawful owner of an undivided one-half interest in and to the following described property:

"One Hundred Forty-Five (145) Acres, more or less, lying, being and situated in 2nd Ward, Parish of East Feliciana, State of Louisiana, described as being bound on the North by Kemp and Sale; East by Sale; South by W. C. Hall and O'Conner; and West by Public Road, being the same land acquired by vendor as per act of record in conveyance books P-2, Folio 227 and S-2, Folio 271 of East Feliciana Parish, Louisiana."

It is ordered that there be further judgment in favor of plaintiff, Mrs. Ellen Wall McNabb Miller, decreeing that the property be partitioned in kind, if possible, and to this end that the case be remanded to the lower court for further proceedings consistent with the views herein expressed. All costs of this proceeding to be borne by defendant.

## On Rehearing

PONDER, Justice.

On this rehearing the defendant (husband) contends that the act designated as a dation en paiement is a nullity on its face, and, in the alternative, if the instrument on its face is valid, that parol evidence is admissible to show that there was no real indebtedness on the part of the husband to the wife.

The plaintiff and defendant were married on December 9, 1930, each owning separate estates. On August 21, 1942 the husband executed an act purporting to be a dation en paiement to his wife, conveying one-half interest in 145 acres of land located in East Feliciana Parish, to extinguish an alleged indebtedness of $750, which the husband had received from her separate funds and used in his private affairs in business. In this act, purporting to be a dation en paiement, we find a redemptive clause which reads as follows:

"It is further agreed that any time within the space of ten (10) years from this date, this said vendor to have the option to repurchase this said land by paying the price above given plus five (5%) per cent per annum thereon until and if redeemed."

On May 11, 1955 the wife instituted this partition proceeding alleging that she is co-owner in the 145 acres of land, having acquired a one-half interest in same by virtue of the dation en paiement referred to above, and asked for a partition of the property in kind in order that she may assert and regain the right of administration and complete use and enjoyment of her property.

The husband answered the suit affirmatively pleading that the instrument, the purported dation en paiement, on which the wife bases her claim, is null and void, being a contract which is prohibited between husband and wife under our law, and, in the alternative, that there was no consideration for the transfer and that the property has never been delivered to her.

Under the provisions of Article 1790 of the LSA–Civil Code, a husband and wife are specifically prohibited from contracting with each other except in the following instances provided for in Article 2446 of the LSA–Civil Code, viz.:

"1. When one of the spouses makes a transfer of property to the other, who is judicially separated from him or her, in payment of his or her rights.

"2. When the transfer made by the husband to his wife, even though not separated, has a legitimate cause, as the replacing of her dotal or other effects alienated.

"3. When the wife makes a transfer of property to her husband, in payment of a sum promised to him as a dowry."

■ It has long been the jurisprudence of this state that dations between husband and wife are exceptional contracts and must comply with every provision of the law. Isaacson v. Mentz, 33 La.Ann. 595; Chaffe v. Scheen, 34 La.Ann. 684,

688; Hyman v. Schlenker, 44 La.Ann. 108, 10 So. 623; Colvin v. Johnston, 104 La. 655, 29 So. 274; Pelletier v. State National Bank, 117 La. 335, 41 So. 640; Pons v. Yazoo & M. V. R. Co., 122 La. 156, 47 So. 449; Kelly v. Kelly, 131 La. 1024, 60 So. 671; Viguerie v. Viguerie, 133 La. 406, 63 So. 89; Guillot v. Guillot, 141 La. 86, 74 So. 704; Sonnier v. Fris, 220 La. 1085, 1086, 58 So.2d 393. Attempted contracts between husband and wife not included in these exceptions, Article 2446, are nullities. Hayden v. Nutt, 4 La.Ann. 65; Viguerie v. Viguerie, supra; Carroll v. Cockerham, 38 La.Ann. 813.

In the case of Pelletier v. State National Bank, supra, it was said by this Court [117 La. 335, 41 So. 642]: "The right of the husband to make a sale or dation en paiement to his wife is an exceptional right which is to be exercised only when and to the extent which the law allows this to be done." The case of Colvin v. Johnston, supra [104 La. 655, 29 So. 276], recognizes the essentials to the validity of a dation en paiement by the husband to the wife to be "the just and honest claim of the wife against the husband, the just proportion of the value of the thing given to the amount of the wife's claim, and the delivery to the wife of thing given to her in satisfaction of her debt." This principle has been recognized in all of the above cited cases.

■ Upon examination of the instrument of August 21, 1942, we find that it

was a prohibited contract on its face at the time it was executed. If it was a prohibited contract at the time it was executed, no action or inaction on the part of the parties could afterwards render it valid. It does not comply with the stringent principles governing contracts between husband and wife. It would be unsafe to depart from the strict rules set out in the Civil Code governing contracts of this nature; moreover, we are not warranted in departing from these rules.

We have examined the many authorities cited by the parties but find no case of a dation en paiement between husband and wife, with a right of redemption, as having been recognized by this Court as a valid contract. Therefore, we must look to the provisions of the Civil Code exclusively in the ascertainment of the validity of the instrument.

There could have been no absolute delivery of the property at the time the instrument was executed. It was by its very terms a conditional delivery and the husband could regain ownership of the property at any time within the ten year period. During that period, the wife could not have disposed of the property free of this right of redemption; therefore, it was not an out and out giving. It was recognized in the case of Colvin v. Johnston, supra, although the dation en paiement in that case was upheld, that it must conform strictly with the articles in the Civil Code and that

if it is speculative or aleatory it would be contrary to the policy of our law and, therefore, void.

The contract herein was not executed in compliance with the Civil Code and, therefore, it is null and void and the inaction on the part of the husband thereafter to avail himself of the right of redemption could not convert it into a valid dation en paiement.

Insofar as the second contention is concerned, it is not necessary for us to pass upon whether or not parol evidence would be admissible to show an existing indebtedness in view of the fact that we have reached the conclusion that the instrument on its face is a nullity.

For the reasons assigned, the judgment of the district court is affirmed at appellant's cost.

SIMON, J., dissents.

On Further Rehearing.

Further rehearing denied.

SIMON, Justice (dissenting).

The basis of the majority opinion on rehearing is predicated on the holding that the dation is null ab initio because the redemption clause is prohibited under LSA–C. C. Art. 2031 which provides that "every condition of a thing impossible, or contra bonos mores (repugnant to moral con-

duct) or prohibited by law, is null, and renders void the agreement which depends on it." I respectfully dissent therefrom and, in addition to my original opinion, assign the following reasons:

The questions presented are: (1) Is a dation en paiement of an immovable by a husband to his wife, in restitution of her paraphernal effects, invalid because the husband retains the right of redemption for a fixed period of years? (2) Is the reservation of the right of redemption a stipulation prohibited by law between husband and wife; and, if so, does it nullify the dation en paiement ab initio; or, is such stipulation merely considered as not written?

LSA–C.C. Art. 1790 inter alia declares that contracts between a husband and wife are forbidden; but LSA–C.C. Art. 2446 provides three exceptions, one of which (paragraph 2) is, "When the transfer made by the husband to his wife, even though not separated, has a legitimate cause, as the replacing of her dotal or other effects alienated." A transaction such as this between husband and wife, wherein he transfers to her an immovable in restitution of her paraphernal funds, is characterized by our civil code, except for specific differences, as a contract of sale. LSA–C.C. Art. 2659. The difference between the dation en paiement and a contract of sale is that the sale is perfect by the mere consent of the parties, while the dation is made only by delivery (LSA–C.C. Art. 2656), with the following effect:

(1) That in a dation the risk of the thing given never falls upon the creditor before delivery, unless he has delayed it beyond a reasonable time; whereas in a contract of sale, delivery is presumed to be made when all terms of the agreement have been decided upon (LSA–C.C. Art. 2657); and,

(2) A dation by an insolvent debtor to a creditor is an invalid preference except when made to a wife; whereas a sale by an insolvent for a proper cash consideration is not considered an unlawful preference (LSA–C.C. Art. 2658).

Except for these differences "the giving in payment is subjected to all the rules which govern the ordinary contract of sale" (LSA–C.C. Art. 2659).

The tradition or delivery of an immovable, always accompanies the public or authentic act which transfers the property and vests title as between the parties. LSA–C.C. Arts. 2479, 1920, 1921.

LSA–C.C. Art. 2567 provides that the right of redemption is an agreement by which the vendor reserves to himself the power of taking back the thing sold by returning the price paid for it. Manifestly, if a redemption sale be one in truth and in fact, then it is not a pignorative contract nor one executed as a mortgage or other se-

curity device. Butler v. Marston, 145 La. 41, 81 So. 749.

We have consistently adhered to the general principle that a deed with the right of redemption, regular on its face, is translative of title; and the purchaser is vested with a complete title as owner, defeasible only by the exercise of the right of redemption. The right of redemption is one which must be limited within a fixed period of time and which under LSA–C.C. Art. 2568, may not exceed the period of ten years.

Since a dation en paicment is governed by the rules governing sales, the wife should legally occupy the position of any other purchaser, and be permitted to enter into any stipulation or reservation except that of alienating her dotal property, or of becoming security for her husband's debts, (LSA–C.C. Art. 1790) contracted by him before or during the marriage. LSA–C.C. Art. 2398.

In Glaze v. Duson, 40 La.Ann. 692, 4 So. 861, we held that a dation en paiement by a husband to the wife, whereby she assumed the debt due his vendor, was a contract prohibited by law, and title did not pass, because the wife assumed an illegal obligation.

Our jurisprudence establishes beyond dispute that a contract between husband and wife, specifically prohibited by our codal articles, is illegal, null and void.

Assuming, arguendo, that the granting or reservation of the right of redemption is an illegal condition, such illegality should not invalidate the dation ab initio. In every dation en paiement the primary and paramount cause or consideration is the payment and extinguishment of an indebtedness due to a creditor, in this instance the wife. The restitution by the husband of the wife's paraphernal effects is an act favored by our law and jurisprudence as securing to her a just and honest claim against him. It is highly unjust and discordant to permit a husband who has executed a dation, legal in all respects, to avoid and be liberated from such obligation solely because he has reserved an illegal right of redemption for ten years, the exercise of which was purely personal to him, and which he never exercised.

Furthermore, the redemption clause belongs neither to the essence nor the nature of the contract. Being dependent on the will of the husband, it should be classified and treated only as an accidental stipulation. LSA–C.C. Art. 1764 recognizes the inefficacy of accidental stipulations, such as belong neither to the essence nor the nature of the contract, but which depend solely on the will of the parties. Although LSA–C.C. Arts. 1895 and 2031 provide that stipulations or conditions prohibited by law or repugnant to moral conduct nullify the contract, these provisions are applicable

only to stipulations or conditions which are the principal cause of the contract. An accidental stipulation, such as the right of redemption, should not be held to invalidate that which is the very essence and nature of the contract, namely the payment of a debt by the transfer of property. This right of redemption was not the primary consideration for the dation en paiement. The dation was legal and valid without the redemptive clause; each of the parties giving something, the wife giving up her claim against the husband, and he giving his property. Hence, if this right of redemption should be declared illegal, the only effect should be its elimination. Labatt v. Louisiana Adjustment Bureau, La.App., 185 So. 702; Sandidge v. Sanderson, 21 La. Ann. 757; and Satterfield v. Spurlock, 21 La.Ann. 771.

Further and a propos LSA–C.C. Arts. 1861–1862 and Arts. 2589–2600, a dation between husband and wife, defined as a contract of sale, would be subject to the law governing lesion; yet, in such a case the dation would not be treated as a nullity, as the wife, like any other purchaser, would have the option to pay the deficiency in price and retain the property.

Therefore, the conclusion seems inevitable that an invalid reservation of the right of redemption would alone be interdicted, and not the dation en paiement in toto ab initio. To do otherwise would be giving

LSA–C.C. Art. 2031 a strained and narrow interpretation. The dation between husband and wife does not depend on an illegal or prohibited condition. Recognizing a transfer in restitution of the wife's paraphernal funds, thereby acquitting the husband from further liability therefor, the quid pro quo is perfectly valid. The right of redemption, if illegal, can only be treated as a collateral or accidental reservation.

In dispositions inter vivos and mortis causa, conditions which are impossible or contrary to law or contra bonos mores do not nullify such disposition. Such conditions are treated and considered only as not written. LSA–C.C. Art. 1519.

In the case of Hewitt v. Williams, 47 La. Ann. 742, 17 So. 269, 272, we said: "The law favors restitution to the wife, and looks with favor upon the efforts of the husband to secure her just and honest claim * * * against him. The fact that he is insolvent and embarrassed, that he is pursued by his creditors by harsh remedies, cannot be invoked to destroy the validity of the transaction. The wife, like any other creditor, is sustained in her vigilant efforts to secure her debts; and the husband can be excused if, finding himself in financial straits, affection for his wife, and his duty to her and to their children, impels him to secure her just claim, and to aid and assist her in all proper methods in that direction."

In Jones v. Thibodaux, 196 La. 533, 199 So. 633, 634, Justice Odom pointed out that the law greatly favors the restitution by the husband to his wife of her paraphernal property in the following language: "To maintain a revocatory action, the plaintiff must allege and prove that his debtor was insolvent at the time the transfer complained of was made. Bull v. Andrus, 137 La. 982, 69 So. 799; Harman v. Defatta et al., supra [182 La. 463, 162 So. 44].

"But the settled jurisprudence of this state is that the rules governing the revocatory action do not apply to a dation en paiement made by a husband to his wife in satisfaction of her just claim against him for paraphernal funds which he has received from her and alienated. Judice v. Neda, 8 La.Ann. 484; Newman & Co. v. Eaton, 27 La.Ann. 341; Lehman, Abraham & Co. v. Levy, 30 La.Ann. 745; Levi v. Morgan, 33 La.Ann. 532; Thompson & Co. v. Freeman, 34 La.Ann. 992; Hewitt v. Williams, 47 La.Ann. 742, 17 So. 269; Ardis & Co. v. Theus & Armistead, 47 La. Ann. 1436, 17 So. 865; Koenig v. Huck, 51 La.Ann. 1368, 26 So. 543; Fleitas v. Richardson, 147 U.S. 550, 13 S.Ct. 495, 37 L.Ed. 276." So solicitous is the law for the protection of a wife in the restitution of her paraphernal estate, that the dation to her by her husband, even though insolvent, is not considered violative of nor an illegal preference under the federal bankruptcy law.

It is well settled that a deed, with the right of redemption, regular on its face, is translative of title, the purchaser being vested with complete ownership defeasible only by the exercise of that right within the stipulated period of time, not to exceed ten years. LSA–C.C. arts. 2567–2568; Levy v. Ward, 32 La.Ann. 784; Singleton's Heirs v. Kelly, 11 La.Ann. 647; Lerner Shops of Louisiana v. Reeves, La.App. 1954, 73 So.2d 490; Jackson v. Gohlson, La.App.1957, 91 So.2d 394.

In the case at bar the dation, executed on August 21, 1942, contained a stipulation granting to the husband the right or option to *repurchase* the property by "paying the purchase price above given plus 5% per annum interest thereon until and if redeemed," this option to be exercised within the period of ten years from date of transfer. It is most significant that the husband did not exercise this right or option within the ten year period but now seeks to avoid the dation by contending that his own reservation of the right of redemption nullified ab initio the dation, and thereby defeats the very act as to which the law seeks to give her paramount protection.

A careful analysis of the record firmly convinces me that the dation was made in just restitution of the wife's paraphernal claim, which the husband authentically admitted having received from her; that the

transfer was fully effected; and that the failure of the husband to exercise his right of redemption within the time specified stripped him of any claim thereto; and that title became absolutely vested in the wife, and entitles her to full recognition thereof. Keough v. Meyers, 43 La.Ann. 952, 9 So. 913.

The net effect of the majority opinion is to permit the husband to accomplish indirectly by revocatory action the action for specific performance of the doubtful right of redemption, lost by the lapse of ten years.