### No. 343.—HOSS AND DURHAM *v.* E. D. WILLIAMS.

An attachment which has been granted on the allegation that the defendant was about to remove his property out of the jurisdiction of the court without paying his debt will be set aside if the evidence fails to show such intention, and the attaching creditor will be condemned to pay the damages caused by its wrongful issue.

Privileges spring from the law and not from contract.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Levisee,* J.  *John M. Lawton,* for plaintiffs and appellants.  *C. M. Pegues,* for defendant and appellee.

HOWELL, J.  This is a suit on an open account for $699 20, accompanied with an attachment based on the additional grounds authorized by the act of 1868, under which thirty bales of cotton were seized. After the property was bonded by the defendant the plaintiffs filed an amended petition alleging that they had a privilege as furnishers of supplies upon the crop raised on the plantation of defendant in 1870, and obtained a writ of sequestration, under which twenty bales were seized and afterwards bonded. Motions were made to dissolve both writs, on grounds substantially that no cause existed for their issuance. These motions were by consent referred to the trial on the merits. The answer contains a general denial and the allegations that the plantation belonged to defendant's mother, and was cultivated by different parties on separate leases, and that only four bales of the cotton seized belonged to defendant. Judgment was rendered for the amount claimed, sustaining the attachment, granting a privilege on the cotton attached and condemning plaintiffs to pay the costs of the sequestration. The defendant appealed.

On the trial the defendant offered the testimony of several witnesses to prove how much cotton was raised on his mother's plantation in 1870; how much of it had been sold before the institution of this suit; by whom sold and for what purpose; who made and owned what was so sold; and that all of the cotton attached, except four bales, belonged to other persons; to show the good faith of defendant, which was excluded on the ground that defendant was without interest, to show that the property attached belonged to other persons, and such defense is not allowable.

The testimony (which comes up with the record) was clearly admissible on the issues presented by the motion to dissolve the attachment, which were referred to and tried with the merits. By it the defendant proposed to prove that there was no legal ground for the attachment, as he was acting in good faith and not with the intention of defrauding plaintiffs or placing his property beyond their reach. And we think it abundantly establishes such facts and shows a want of legal ground for the attachment.

Upon the merits the correctness of the account is not disputed, but it is denied that there is any privilege on the crop of 1870 for the first item, $269 20, which is a balance from the account of the preceding year. This is correct. Privileges can not be given by consent. The privilege as to the remainder of the account sued on must be enforced upon the cotton sequestered, as there is no evidence to identify and separate that belonging to other parties.

The claim for damages for the illegal attachment should be allowed, which, under the circumstances, we fix at fifty dollars for counsel fees.

It is therefore ordered that the judgment appealed from be reversed, and that the attachment issued herein be dissolved at plaintiffs' costs, and that defendant recover of them fifty dollars damages. It is further ordered that plaintiffs recover of defendant $699 20, with legal interest from March 4, 1871, and the privilege of furnishers of supplies on the property sequestered for the sum of $430 only of said amount, and all other costs in the lower court. Plaintiffs and appellees to pay costs of appeal.