ARTHUR BARROWS *vs.* THE NATIONAL RUBBER COMPANY.

The charter of a corporation contained the following provisions : " But no stockholder shall sell his or her stock, or any portion of the same, without first giving the corporation the refusal of the same for ten days at the price he is willing to sell : "

*Held*, that this provision did not apply to a sheriff's sale on execution against a stockholder.

The purchaser, at a sheriff's sale on execution, of stock in a corporation whose charter gave it a preëmption right to its stock, filed a bill in equity against the corporation to compel a transfer of the purchased stock without first demanding such transfer :

*Held*, no reason for dismissing the bill.

The advertisement of an execution sale for July 18, 1870, was first published July 8, 1870, and embraced the stock owned by a judgment debtor, October 17, 1867. July 11, 1870, the word " October " was struck out of the advertisement and the word " September "

substituted, the stock being the same at both dates.  The statute required advertisement for at least ten days, and the sale took place July 18, 1870 :

*Held,* that the statute requirements were sufficiently met.

BILL IN EQUITY for discovery, for an account, and to compel the transfer of certain corporate shares.

*July* 20, 1878.  DURFEE, C. J.  The bill sets forth that on July 18, 1870, the plaintiff purchased at sheriff's sale, under an execution issued upon a judgment of this court, recovered by Henry F. Barrows, against William C. Downes, all the stock or shares which Downes had in the defendant corporation on September 17, 1867, the same having been then attached on original writ.  The plaintiff brings this suit to discover the number of shares which then belonged to Downes, and to compel the defendant corporation to transfer them to him and also to account to him for any dividends which have accrued thereon. The defendant corporation resists the suit on three grounds.

1.  The first objection is that the execution sale was not duly advertised.  The statute required it to be advertised for at least ten days.  The sale was July 18, 1870.  The advertisement was first published July 8, 1870.  It advertised the stock or shares belonging to Downes, October 17, 1867.  On July 11 following, *September* was substituted for *October*.  If the advertisement as first published was invalid, then the sale was not advertised for at least ten days.  The defendant corporation admits that the stock or shares belonging to Downes were the same at both dates, and therefore the property which was advertised before was the same which was advertised after the change, and the same which was sold on execution.  The advertisement is required for two purposes : first, to give the execution debtor an opportunity to redeem ; and, second, to invite purchasers.  It is scarcely possible that the advertisement was not as effectual for either purpose before as it was after the change.  We do not think we should be justified, for so trivial and formal a matter, in holding that the sale was not duly advertised.  Freeman on Executions, § 285.

2.  The defendant corporation claims a preëmption right to the stock under its charter.  The clause in the charter is as follows : " But no stockholder shall sell his or her stock, or any portion of the same, without first giving the corporation the

refusal of the same for ten days at the price he is willing to sell."·

We think it is clear that this clause relates only to voluntary sales by a stockholder.· It cannot apply to a sale under an execution. The statute requires that property so sold shall be sold at public auction, and to the highest bidder. The price is fixed only by the act of sale, and therefore it cannot be known beforehand, so as to enable the sheriff to give the corporation a ten days refusal. If the corporation wishes to protect itself from an unwelcome member, it can easily do so, when the shares are sold on execution, by attending and becoming the highest bidder at the execution sale.

3. The third objection is that the suit was commenced before demanding of the defendant a transfer of the stock. We do not think this is a ground for dismissing the bill, though, if the defendant had submitted to decree, it would have been a matter to be considered in the costs. We grant relief according to the prayer of the bill.

 *Blodgett & Clapp*, for complainant.
 *A. & A. D. Payne*, for respondent.