Mrs. Appleby and Husband vs. Lehman & Co., and Sheriff.

No. 12,992.

## MRS. CALLIE APPLEBY AND HUSBAND VS. A. LEHMAN & CO. AND THE SHERIFF.

### SYLLABUS.

·On the face of the papers there was an attempt made to give an undue prefer-ence to some of the creditors of the vendor.

A sale in which the vendor leaves it to the vendee to make a *pro rata* division of the price among the former's creditors (especially as the vendor sold all his property and in other sales did not stipulate for a *pro rata* division among the creditors) is not binding upon creditors, so as to preclude them from suing out a writ of attachment.

The sales of record evidence an intention to prevent and hinder the creditor from collecting, and to place the property beyond the reach of his creditors, in violation of Article 240 of the Code of Practice.

··The law forbids to give in payment to one creditor to the prejudice of the other, any other thing than the sum of money due."

A *dation en paiement* of all the debtor's property is null even though in one of the sales between him and his vendee there is a stipulation for a *pro rata* division of the price among the creditors, the amount being much less than the sum of his debts.

ON APPEAL from the Thirteenth Judicial District Court for the Parish of East Feliciana. *Golsan, J.*

*W. F. Kernan* for Plaintiff and Appellant.

*Isaac D. Wall* for Defendants and Appellees.

Argued and submitted January 11, 1899.
Opinion handed down January 23, 1899.
Rehearing refused February 20, 1899.

The opinion of the court was delivered by

BREAUX, J. This was a suit·for damages in the sum of three thous-·and dollars which plaintiff alleges was caused by an illegal seizure under a writ of attachment, and in addition to the claim for damages, ·for an injunction restraining the sheriff and the creditor who had pro-ceeded by attachment to recover his claim, from proceeding further ·under the writ of attachment. In January, 1898, Peter W. Appleby

sold to plaintiff all his stock of goods and fixtures in the store, in-- ventoried, the act sets forth, by disinterested parties, at two thousand three hundred and twenty-four and 78-100 dollars.

The consideration for the act is made to appear by the following: That Mrs. Callie Appleby is to credit certain judgment notes held by her against P. W. Appleby with the said amount of two thousand three hundred and twenty-four and 78-100 dollars, and Mrs. Callie Appleby further agrees to pro-rate with the creditors of P. W. Appleby out of the amount above written. We are informed by the tes- timony that the different conveyances made by the vendor to plaintiff included all the personal property of the vendor and all his real estate. His notes and accounts he also transferred to plaintiff to be collected and the amount collected also to be divided *pro-rata* among all his creditors.

The real estate was conveyed to plaintiff by P. W. Appleby for cash in three deeds; two bearing the same date, viz, 19th of January, 1898, and one the 31st of January, 1898. In one it is declared the "consideration for which this sale and transfer is made and accepted is the price of fifteen hundred dollars paid, or to be paid; fifteen hundred dollars cash in hand, the receipt of which is hereby acknow- ledged by vendor."

In the other deed the consideration was four hundred and two dol- lars cash.

With reference to the first price, the vendor stated "that he has " now not received it, but that, in reality, the property was conveyed " to the vendee because it was her property."

The other deeds set forth cash consideration, but no such cash was paid.

The testimony refers to other transactions and indebtedness for which the conveyance was made.

In February, 1898, defendants sued out a writ of attachment against the vendor charging him with having infringed upon and vio- lated Article 240, C. P.

The sheriff, under the writ, seized the entire stock of merchandise sold as above stated which plaintiff had bought as just stated, for the sum of two thousand three hundred and twenty-four 78-100 dol- lars, consisting of clothing, hardware and other property, to collect his claim for two hundred dollars and eight cents. The sheriff was

notified that plaintiff claimed as her own, the property which he was about to seize.

After seizure, plaintiff sued for wrongful seizure of property, claimed the property and obtained an injunction against the seizure.

Other creditors for small amounts about the same time also sued out attachments. These attachments were enjoined. The suit was directed against all the defendants (plaintiffs in the attachment writs). The latter excepted on the grounds of misjoinder of parties. The District Court sustained the exception, and dismissed the injunction.

After the dismissal, she (plaintiff) sued out an injunction against each of the seizing creditors, including the present defendant, who is sued separately from the other attaching creditors.

P. W. Appleby is the half brother of F. Appleby, husband of Mrs. Callie Appleby, the plaintiff. The latter is separate in property from her husband. In the transaction between the two brothers it appears that the husband of plaintiff, as well as plaintiff, became the debtors of their vendors. This indebtedness, they claim, was the consideration of the transfer made to the plaintiff.

As relates to delivery, the goods were left in the store previously occupied by the vendor, the same clerk remained.

P. W. Appleby's name and sign were on the store the day of the seizure.

On the trial of the suit before a jury the verdict and judgment of the court went against plaintiff.

From this judgment she appeals.

The contract whereby the vendor sought to sell the contents of the store to plaintiff was not a sale. We are concerned in deciding whether there was a sale solely with the price needful to constitute a contract of sale. No one denies that under our law it is settled that there could be no sale without a price certain: *nam nulla emptio sine pretio*.

We have not succeeded in finding a price certain.

We have seen that the vendor conveyed all his property. In one of the deeds he sought by its terms to stipulate for *pro-rata* division of the price among all the creditors, but in the other three deeds that he executed about the same time as vendor, no such attempt was made.

The sales were for cash on the face of the papers and creditors were not bound to consider them as having been made for other than cash.

Plaintiff cannot sustain the position that she was bound under the ·terms and conditions of the sale to make a *pro-rata* division of the price, and that, in consequence, she was indeted for the whole amount to the extent needful to pay the *pro-rata* to the other creditors.

She was not bound at all in this respect, for three of the sales were for cash and these three deeds are silent about division of the price.

With reference to the sale in which there was a stipulation sought ·to be imposed on vendee, it is sufficient to say that the debtor made in- ·solvent by the different conveyances, had no right in law to restrict to a *pro-rata* division only part of the property.

He, the creditor, was, at least, entitled to a percentage of the whole property in part payment of his claim.

Moreover, if we were to consider the sale of the merchandise alone in our judgment the condition stipulated that the vendee should make *pro-rata* distribution of the price was in the nature of a condition pre- ·cedent to the sale. The amount was to be determined upon and then paid prior to a complete sale. The property, as we take it, did not become plaintiff's under the condition imposed upon her, prior to pay- ment. In this view it was not an executed contract, but it was at most, solely executory. Laurent, Vol. 24, Sec. 74.

A question similar was considered in Prude vs. Morris & Lucius, ·38th Ann. 767. Should the transaction be viewed as a *dation en paie- ·ment* instead of a sale, the conclusion, in our judgment, should be the ·same. The law is clear enough. No conveyance shall be made by the debtor to "give an unfair preference to some of the creditors." C. P. 240.

The insolvent debtor is not at liberty to select one or more of his · creditors and convey to them out of the ordinary course of business, ·property which is the common pledge of the creditors. C. C. 2658.

But the learned counsel representing plaintiff, with great force in- ·sists that there is no evidence of record that the sale of the stock of merchandise which was enjoined in this writ was made to defraud any of the creditors of the vendor or to give plaintiff an undue and unjust preference. We, in deciding the point presented, are not dealing with the sale of the stock of merchandise exclusively. We must consider all the deeds which resulted in a complete conveyance by debtor of all his property to the plaintiff. The debtor may not have intended to ·give an unfair preference to the plaintiff creditor, and both vendor ·and vendee may have had in contemplation the payment of the de-

fendant. But no promise to pay, or the least evidence of the intention to pay, was reduced to writing in the deeds conveying the real estate and placed of record.

The state of facts appearing of record is controlling and not the un-- known intention of the parties.

Lord Coke advises as follows: "Reader, when any gift shall be made to you in satisfaction of a debt, by one who is indebted to others also, let it be made in a public manner and before the neighbors, and. not in private." From Benjamin on Sales, section 365. (Heading Section IV, Fraud on Creditors' Bills of Sale.)

This court has said the insolvent is not free to give in payment to one creditor to the prejudice of another. Queyrouse & Bois vs. Thibodeaux, 30 An. 1116.

The effect, whether considered as an intended sale, or a *dation en paiment,* was to hinder or delay the creditors of the plaintiff in a manner forbidden by article of the Code of Practice, already cited.

In the application of the article, the question for the jury of the vicinity was whether the transaction was *bona fide,* or to hinder and delay creditors. The jury found the latter and we are not inclined to differ with them in so far as the question was one of fact. As relates to delivery, the question is not free from difficulty. We have before noted the facts regarding the asserted delivery. They do not show that delivery which is required in a *dation en paiement.* The decision of this court has emphasized the necessity of actual delivery in order that the transferee may hold the property. Queyrouze & Bois vs. Thibodeaux, 30 An. 1114.

Under the facts as proven, delivery was not shown as it should have been. The plaintiff has not established when she went into possession and control of the property and business of the store. Beyond the notice that she claimed the goods at the date of the seizure, her possession and control of the property and business of the store are not, in our view, proven.

In any point of view no damages can, in our judgment, be allowed, nor should the writ of attachment be dissolved. The debtor conveyed away all his property and would have left the creditors without recourse, save, at most, to the extent of a percentage or *pro rata* division of the proceeds of one of the sales; *i. e.,* price of the merchandize of his store, two thousand three hundred and twenty-four 78-100 dollars. The indebtedness of the vendor was about three times

that amount. The sales were not made in due course of business, and, in our view, violated the provision of the Code of Practice regarding preference which debtor should not give.

We have not discovered error in the verdict found, or in the judgment of the court. They are approved, and the judgment of the District Court is affirmed.