199 So. 633

**JONES v. THIBODAUX et al.**

No. 35047.

Dec. 2, 1940.

Rehearing Denied Jan. 6, 1941.

Fernandez & Fernandez, of Franklin, and C. A. Blanchard, of Donaldsonville, for plaintiff-appellant.

Simmons, Simmons & Simmons, of Napoleonville, for defendants-appellees.

ODOM, Justice.

By notarial act dated March 28, 1933, Clay F. Thibodaux, one of the defendants in this suit, transferred to his wife, Mrs. Emma Pennison Thibodaux, 70 shares of the capital stock of the C. M. Thibodaux Company, Ltd., of the par value of $100, the shares of stock being represented by Certificates No. 6, 16, and 20. The shares of stock were appraised by two sworn appraisers at $2,100.

Plaintiff, who is a judgment creditor of Clay F. Thibodaux, brought the present suit to set aside the dation en paiement on the ground that the transfer was a fraudulent simulation pure and simple; that the defendant Clay F. Thibodaux was "virtually insolvent" at the time the transfer was made, and that the sole purpose of the transaction was to place this property beyond the reach of Mr. Thibodaux's creditors.

The suit was brought against Mr. and Mrs. Thibodaux, who in answer admitted the transfer and denied the allegations of fraud and insolvency. They averred that the husband was indebted unto his wife in the sum of $2,300, representing the separate and paraphernal funds belonging to the wife which the husband had received from her and had used in his business, and that the transfer was made in good faith for the purpose of discharging this obligation.

There was judgment in favor of the defendants, decreeing that the transfer was valid. Plaintiff's suit was dismissed at his cost, and he appealed.

The judgment is correct. The amount and verity of the wife's claim against her husband were proved beyond question. One of the sons of Mr. and Mrs. Thibodaux carried a life insurance policy for $2,300 in which his mother was named beneficiary. After his death the insurance company paid the proceeds of the policy to Mrs. Thibodaux. She turned the amount collected over to her husband, who used it in his business.

Plaintiff alleged that Mr. Thibodaux, his judgment debtor, was "virtually insolvent" at the time the transfer was made. His counsel now argue that the transfer was invalid for that reason. We shall not discuss the testimony offered to prove the alleged insolvency for the reason that, if the husband had been insolvent, that fact alone did not render the transfer invalid.

Counsel for plaintiff argue that a dation en paiement of this kind is invalid if the husband is insolvent at the time of the transfer, and cite Lovell v. Payne, 30 La.Ann. 511, and Appleby v. Lehman, 51 La.Ann. 473, 25 So. 132, in support of their theory. Those cases have no application here. In each of them the court had under consideration a dation made by an insolvent debtor to one of his creditors, and it was held in each of the cases that, where a debtor has not sufficient property to pay all his debts, a

transfer made by him to one of his creditors in satisfaction of a preexisting debt is an unfair preference given to such transferree over his other creditors and is considered as having been made in fraud of their rights. Harman v. Defatta et al., 182 La. 463, 162 So. 44.

Article 1970 of the Revised Civil Code gives to every creditor under certain conditions an action to annul any contract made by his debtor in fraud of his rights, and this action reaches every fraudulent scheme or device resorted to by a debtor through which one of his creditors may have been injured. These are referred to generally as "revocatory actions", and Article 1971 of the Code provides that such actions can be exercised only when the debtor has not property sufficient to satisfy the debt of the complaining creditor, "or of all his creditors where there has been a cession, or any proceeding analogous thereto".

■ To maintain a revocatory action, the plaintiff must allege and prove that his debtor was insolvent at the time the transfer complained of was made. Bull v. Andrus, 137 La. 982, 69 So. 799; Harman v. Defatta, supra.

■ But the settled jurisprudence of this state is that the rules governing the revocatory action do not apply to a dation en paiement made by a husband to his wife in satisfaction of her just claim against him for paraphernal funds which he has received from her and alienated. Judice v. Neda, 8 La.Ann. 484; Newman & Co. v. Eaton, 27 La.Ann. 341; Lehman, Abraham & Co. v. Levy, 30 La.Ann. 745; Levi v. Morgan, 33 La.Ann. 532; Thompson &

Co. v. Freeman, 34 La.Ann. 992; Hewitt v. Williams, 47 La.Ann. 742, 17 So. 269; Ardis & Co. v. Theus & Armistead, 47 La. Ann. 1436, 17 So. 865; Koenig v. Huck, 51 La.Ann. 1368, 26 So. 543; Fleitas v. Richardson, 147 U.S. 550, 13 S.Ct. 495, 37 L. Ed. 276.

In Hewitt v. Williams, supra [47 La.'Ann. 742, 17 So. 272], we said:

"The law favors restitution to the wife, and looks with favor upon the efforts of the husband to secure her just and honest claim * * * against him. The fact that he is insolvent and embarrassed, that he is pursued by his creditors by harsh remedies, cannot be invoked to destroy the validity of the transaction. The wife, like any other creditor, is sustained in her vigilant efforts to secure her debts; and the husband can be excused if, finding himself in financial straits, affection for his wife, and his duty to her and to their children, impels him to secure her just claim, and to aid and assist her in all proper methods in that direction."

In the case at bar, there was a just claim amounting to $2,300, and the shares of stock, which were appraised at $2,100, were transferred to the wife in full satisfaction of her claim.

But counsel for plaintiff, apparently as an afterthought, now argue that there was no delivery of the certificates of stock by the husband to the wife, and for that reason, if for no other, the transfer was not valid because Article 2656 of the Revised Civil Code provides that delivery is essential to complete transactions of this kind.

Plaintiff by his pleadings did not attack the dation on this ground. The sole grounds of attack were that the husband was insolvent and that the transfer was a fraudulent simulation.

Under the pleadings, testimony as to whether there was a physical delivery of the stock certificates was not admissible. But, since some testimony relating to the question of delivery was introduced and received without objection, we shall pass on the question whether or not there was an actual delivery of the property transferred.

The act of transfer is notarial in form, signed by Mr. and Mrs. Thibodaux and attested by two witnesses. It recites that the property transferred was 70 shares of capital stock of the C. M. Thibodaux Company, Ltd., "represented by Certificates No. 6, No. 16 and No. 20", and further recites that the property (meaning the shares of stock represented by the certificates) was transferred and conveyed by the husband to his wife, "here present and acknowledging due delivery thereof".

Counsel for plaintiff in their petition referred in several places to the "transfer" of the property. Nowhere in their petition did they state that there was a pretended transfer. A "transfer" in law "is an act of the parties or of the law by which the title to property is conveyed from one living person to another". See "Transfer" in 42 Words and Phrases, Permanent Edition, p. 292. Counsel did not attack the notarial act of transfer on the ground that its specific recitals relating to the delivery of the shares of stock to Mrs. Thibodaux at the time the transfer was made were

erroneous. The husband, Clay F. Thibodaux, testified as a witness and was asked:

"Q. Mr. Thibodaux, when this dation en paiement was executed at your house did you turn over to your wife the stock representing the twenty-three hundred dollars? A. I did. She's got them locked in the armoire.

"Q., Is that stock in the name of Mrs. Thibodaux? A. Yes."

Counsel for plaintiff did not cross-examine Mr. Thibodaux on this point.

This testimony, together with the recitals of the notarial act of transfer and the allegations of plaintiff's petition referring to the "transfer" of the property, satisfies us that there was in fact a physical delivery of the stock certificates.

It is true that Mrs. Thibodaux was called on cross-examination by counsel for plaintiff and was asked the direct question whether the certificates of stock were delivered to her, and she answered that they were not. But the record itself shows, and it was admitted at the bar by counsel for plaintiff, that Mrs. Thibodaux, whose native tongue is French, did not speak or understand well the English language. The record plainly shows that she was confused and embarrassed. She explained that she knew nothing whatever about business, which she said she entrusted always to her husband. She said that during all of her married life she had attended strictly to her household duties and that she trusted her husband to attend to all business affairs. That she should have been confused and embarrassed was but natural. After read-

ing the record, we doubt seriously that she ever understood perfectly the questions propounded to her on cross-examination by counsel.

Considering the testimony as a whole, we are satisfied that the stock certificates were physically delivered to her at the time the transfer was made.

The judgment is affirmed.

LAND, J., absent.