In the Matter of **TRILLING AND MONTAGUE**, a Partnership, and **David M. Trilling, Individually and as surviving partner therein,** Bankrupts.

No. 24194.

United States District Court E. D. Pennsylvania.

Feb. 29, 1956.

Richard V. Zug, David F. Maxwell, Philadelphia, Pa., for Maurice A. Kendall, Trustee. Edmonds, Obermayer & Rebmann, Philadelphia, Pa., of counsel.

Wexler, Mulder & Weisman, Harold Cramer, Shapiro, Rosenfeld, Stalbert & Cook, Philadelphia, Pa., Petition for Review.

KIRKPATRICK, Chief Judge.

In view of the thoroughly considered review of authorities contained in the opinion of the learned Referee, a detailed discussion of them here would be superfluous. I fully agree that the weight of authority decidedly supports the Referee's conclusion that the trustee in bankruptcy is not bound by the restrictive stock agreement and that he had the right and obligation to sell the stock for the best price obtainable.

Whatever the implications of the decision of the Superior Court of Pennsylvania in Garrett v. Philadelphia Lawn Mower Co., 39 Pa.Super. 78, may be, all that was expressly decided was that a contract having restrictive features like

those in the present case is not invalidated by any public policy and that such contract prevents an executor from selling the stock without first offering it to other stockholders. The Court, so far as appears from the opinion, gave no consideration to the question of the interpretation of the contract but simply started with the assumption that it was intended to apply to sales by the representatives of a stockholder after his death as well as to sales by him during his lifetime.

However, while it is true that such contracts are not generally invalidated by considerations of public policy, it is also true that public policy does enter very definitely into the treatment given them by the courts. Any number of authorities hold that such restrictive agreements are regarded with disfavor and, though not necessarily invalid, must be construed strictly and, unless the contrary conclusion is inescapable, apply "only to voluntary sales and do not apply to judicial sales or other transfers by operation of law." 13 Am.Juris., Corporations, Sec. 339.5, 1954 Cumulative Supplement.

Not only does the contract in the present case contain nothing to indicate that it was intended to apply to an involuntary transfer by operation of law in the bankruptcy court, but the fact that the provisions for successive options with notices to be given of a price offered by a bona fide purchaser and acceptable to an "offering stockholder" would be almost unworkable in the case of a trustee's sale like the present one indicates rather strongly that what the parties to the agreement had in mind were voluntary transfers. After all, as pointed out by the Court in Barrows v. National Rubber Co., 12 R.I. 173, the whole thing comes down to a mere matter of price, no secret sale without notice being possible in bankruptcy and the stockholders being fully able to protect themselves from an unwelcome member by becoming the highest bidder at the receiver's sale.

The order of the Referee is affirmed.