KNOLL, Judge.
This appeal addresses questions relative to the pledge of 277 shares of stock in LaHaye Brothers, Inc., a closely held, family corporation, which bore a transfer restriction on the face of each certificate. The restrictive language on each certificate of LaHaye Brothers’s stock stated:
“Transfer of these shares is restricted first to the families of Elvin LaHaye and Aubrey G. LaHaye in accordance with Article XVI of the Charter, and are transferable only on the books of the Corporation by the holder hereof in person, or by Attorney, upon surrender of this Certificate properly endorsed.”
American Security Bank of Ville Platte, Inc. (American Security), the pledgee of Flora Jane LaHaye Devillier’s stock in La-Haye Brothers, appeals the judgment of the trial court which invalidated a collateral pledge agreement, an additional agreement which granted it a security interest in the shares of stock, and a consent judgment recognizing the bank’s security interest in the stock. The trial court concluded that the transfer restriction on the face of the stock certificates owned by Devillier prohibited a pledge of the stock without compliance with the restrictive language which was detailed in the articles of incorporation.
American Security contends on appeal that the trial court erred in: (1) its conclusion that the stock restriction agreement prevented Devillier from validly pledging her LaHaye Brothers’s stock without complying with the restrictive conditions; (2) its declaration that the security interest recognized in the consent judgment between American Security and Devillier was null and void because of non-compliance with the restrictive conditions; and, (3) declining to order LaHaye Brothers to produce the family list of stockholders required by the corporation’s articles of incorporation so that American Security could comply with the stock transfer restrictions.
FACTS
Trial of this petition for declaratory judgment was held on stipulated facts submitted by LaHaye Brothers and American Security.
LaHaye Brothers is a corporation formed in 1958 and its shareholders are members of the families of Aubrey LaHaye and Elvin LaHaye. The corporation conducts agricultural operations on its property.
Article XVI of the articles of incorporation for LaHaye Brothers provides for the transfer of shares, as follows:
“For the purpose of this article the shares of stock of the corporation shall be divided into two classes. One class to be the Aubrey LaHaye family class, the other class to be the Elvin LaHaye family class.
If a stockholder desires to sell or transfer his stock or any portion thereof or interest therein, he shall first offer it to the members of the family of the class to which the stock was originally issued. If after a period of thirty days, no member of such family purchases said stock, then the party offering the stock for sale shall offer it to the members of the other class. Then after a period of thirty days if that class does not purchase the stock, the seller desiring to dispose of his stock may sell same on the open market.
The word family as used in this article shall mean Aubrey G. LaHaye and Emily Deshotel LaHaye and their descendants as one family, and Elvin LaHaye and Thelma Guillory LaHaye and their descendants as the other family.
The procedure in offering the stock for sale shall be for the person offering the stock for sale to direct a letter to each member of the family of the class of stock which is being proposed for sale, furnishing a copy of said letter to the secretary of the corporation, mailing said letters by registered mail, and depositing the registry receipts with the secretary of the corporation, whose duty it shall be *1383 to maintain a transfer book, and keep the copies of said letters and registry receipts permanently therein, which record shall be open for inspection by any prospective purchaser at any time during normal business hours of the corporation.
At the first meeting of the stockholders, Aubrey G. LaHaye shall furnish to the secretary a list of his family, and Elvin LaHaye shall furnish the secretary with a list of his family, which the secretary shall record in his transfer book, and annually thereafter the secretary shall secure a list with the correct post office addresses of the family of each class of stock. The secretary of the corporation is empowered and directed not to transfer any stock upon the books of the corporation until he has satisfied himself as to the requirements of this article. The purpose of this article is to maintain the ownership of the stock of this corporation in the families of Elvin LaHaye and Aubrey G. LaHaye. Any transfer of stock shall be null, void, and of no affect [sic], unless the provisions of this article have been complied with or unless the written consent of all other shareholders is first obtained. The transfer records of the secretary of the corporation shall be proof of the compliance with the provisions of this article.
In compliance with the articles of incorporation, each stock certificate of LaHaye Brothers that has been issued, including Devillier’s, has the required transfer restriction typed on its face.
Flora Jane LaHaye Devillier is the registered owner of stock certificates 15 and 27, representing 277 shares of LaHaye Brothers stock. In February 1987, Devillier pledged the stock certificates to First Aca-diana Bank, the predecessor of American Security, to secure certain debts. In June 1990, Devillier executed a new pledge agreement affecting the same stock certificates in favor of American Security. On July 18, 1990, Devillier executed a consent judgment recognizing her indebtedness to American Security and recognizing and maintaining the security interest American Security held in her 277 shares of LaHaye Brothers stock as evidenced by two collateral pledge agreements.
Subsequent to Devillier’s execution of the consent judgment, correspondence between LaHaye Brothers and American Security was exchanged. LaHaye Brothers urged the invalidity of Devillier’s pledges of the LaHaye Brothers’s stock, citing the transfer restrictions detailed above. American Security, on the other hand, has asserted its security interest in Devillier’s stock in LaHaye Brothers and asked La-Haye Brothers for the addresses of all family members who own LaHaye Brothers stock so that it could comply with the transfer restrictions.
When neither party’s informal requests met with success, LaHaye Brothers initiated this petition for declaratory relief. At the time that the trial court heard LaHaye Brothers’s petition for declaratory judgment, American Security had possession of Devillier’s stock in LaHaye Brothers.
EFFECT OF DEVILLIER’S STOCK “SALE”
In its brief, LaHaye Brothers argues that we need not reach the question of whether the stock transfer restrictions included pledge. Instead, it contends that on February 3, 1987, Devillier executed what purportedly was a sale of her LaHaye Brothers stock to First Acadiana Bank.
The record includes a photocopy of the obverse sides of the stock certificates in question. Above the signature of Devillier, there appears language which purports to convey the stock certificates to First Acadi-ana Bank. Accordingly, LaHaye Brothers contends that Devillier could not later pledge the stock to the bank, since she was not the owner at the time the pledge agreements were executed. We disagree.
Initially, we note that Article XVI of the articles of incorporation, in pertinent part, specifically provides that any transfer of stock shall be “null, void, and of no affect [sic]” unless the provisions of the article have been complied with or unless written consent of all the other shareholders is first obtained.
*1384 Based on this language, it is clear that the February 3, 1987, document did not transfer the stock to the bank. American Security admits that its predecessor, First Acadiana, did not comply with the articles of incorporation provided for the transfer by sale of the Devillier stock certificates and concedes that it does not purport to own the subject stock. Based on this, it has not appealed that part of the trial court judgment which declares that the February 3, 1987, “sale” was invalid.
Lastly, we point out that LaHaye Brothers cannot argue in this instance that American Security cannot assert its pledge because thp bank already owns the stock certificates despite its noncompliance with the transfer restrictions. In the remainder of its brief, it argues that American Security does not have a valid pledge because it failed to comply with the stock restrictions. These arguments are irreconcilable.
Accordingly, we shall treat the February 3, 1987, purported transfer as invalid. The trial court so determined and American Security has not contended herein that the trial court erred in this regard. Therefore we find no merit to LaHaye Brothers’s argument that Devillier could not pledge her stock certificates because she no longer owned them.
STOCK TRANSFER RESTRICTIONS
American Security contends that the trial court erred in its conclusion that the restriction on the transfer of stock prohibited Devillier’s pledge of her stock certificates to American Security without first complying with provisions of the articles of incorporation.
In its written reasons for judgment, the trial court held:
“This Court is of the opinion, based on the stipulated facts of this case, and well as the law, that both the law and the evidence preponderate in favor of the plaintiff [LaHaye Brothers] in that the pertinent language of the articles of incorporation which restricts the transfer or sale of the stock, or any portion thereof, or interest therein, applies also to a pledge of the stock, such as defendant Flora Jane LaHaye Devillier’s pledge of September 29, 1988, and her granting of a security interest to America [sic] Security Bank on June 27, 1990.
The Court is of this opinion because it feels that the term ‘interest’ does not mean the same thing as ‘title’, and is something different from title, although admittedly it is often used in connection with the word title, but not synonymously. For example, we often see wording to this effect — ‘all of my interest in any or all of my rights, title, etc.’
The Court construes the word ‘interest’ used in this case [in the stock transfer restriction], to indicate the transfer by a pledge or security instrument, in addition to a total and complete ‘sale’ in the traditional use of the word.
By pledging the stock, defendant Flora Jane LaHaye Devillier deposited it as security for the payment of a debt, thereby making it liable to be forfeited in case of her and her husband’s failure to fulfill their promise to pay said debt. And of course, ‘forfeit’ means something that has to be paid or given up as a penalty, synonymous with selling, transferring or alienating.”
It is the Court’s opinion that to do this she had to comply with the restrictions imposed on the face of the stock and by the articles of incorporation, and that she failed to do so.
In other words, by pledging the stock, she set the machinery in motion to sell, transfer or alienate it, and to accomplish this she had to comply with the restriction and did not do so.”
Louisiana has granted corporations the right to restrict the transfer of stock, provided that the restrictions placed on such transfers are plainly printed on the stock certificate, or sufficient information is given of the restriction on the certificate to alert third parties. Avoyelles Trust & Sav. Bank v. Liliedahl, 348 So.2d 153 (La. App. 3rd Cir.1977), writ denied, 350 So.2d 1228 (La.1977). These restrictions are strictly construed since they unduly restrict the free-flow of commerce. La. Weekly Pub. v. First Nat. Bank of Commerce, 483 *1385 So.2d 929 (La.1986). The law assumes the free transferability of property, and as a result, any deviation from that norm must be strictly construed in favor of transferability. Andre, Restrictions on the Transfer of Shares: A Search for Public Policy, 53 Tul.L.Rev. 776, 822 (1977) as cited in La. Weekly Pub., supra at 933.
Viewing the corporate restriction as a whole, we find that the trial court erred as a matter of law in finding that Devillier was prohibited from pledging her stock certificates to American Security. The references throughout the restrictive article are made to transfer, sale, purchase, and other like words. Unlike the language of strict construction adopted throughout the various appellate courts of this state, we find that the trial court incorrectly construed the articles of incorporation utilizing a broad method of interpretation. Rather, since there is no express restriction prohibiting the pledge of corporate stock, the trial court should have upheld Devillier’s pledge of the stock to American Security.
Likewise, we do not find merit to La-Haye Brothers’s argument that the corporate articles prohibited the transfer of any interest in the stock. It contends that the word interest is a general term which includes transfers of even a right in the property, i.e., a pledge as a security interest. We disagree.
From the outset, we find that LaHaye Brothers cannot simply isolate attention on the word interest. The corporate restriction on the stock certificate refers to transfers of the stock and references the articles of incorporation for an elaboration of that restriction. In Article XVI, the restriction begins as follows, “If a stockholder desires to sell or transfer his stock or any portion thereof or interest therein.... ” Thus, the stockholder is restricted from selling or transferring an interest in his stock.
Civil Code Article 2045 cautions that words of art and technical terms must be given their technical meaning when the contract involves a technical matter. Sale is well defined in law as an agreement by which one gives a thing to another for a price. LSA-C.C. Art. 2439. Likewise, transfer has been defined in law as an act of the parties or of the law by which the title to property is conveyed from one living person to another. Jones v. Thibodaux, 199 So. 633 (La.1940). In view of the strict construction required, we find that the words of the stock restriction must be viewed in this light.
Pledge cannot be equated with the sale or transfer of stock or any interest in stock. Pledge is defined as a “contract by which one debtor gives something to his creditor as a security for his debt.” LSA-C.C. Art. 3133. Until the debtor is divested from his property, he remains the proprietor of the pledge which is in the hands of the creditor only as a deposit to secure his privilege on it. LSA-C.C. Art. 3166. When Devillier pledged her stock certificates she did not transfer title to the stock. Based on these additional codal provisions, it is clear that pledge was not encompassed by the stock transfer restriction.
Accordingly, we find that Devillier’s pledge of stock to American Security was valid and the consent judgment recognizing its security interest in the stock should have been maintained.
As discussed hereinabove, American Security does not contend that it owns the Devillier stock. Referring to the provisions of LSA-C.C. Art. 3142, which states that a debtor confers on his pledgee only those right the debtor has, American Security recognizes that it may now seek to sell the corporate stock in conformity with the restrictions of sale outlined earlier in this opinion. In order to accomplish that task, American Security answered LaHaye Brothers’s petition for declaratory relief, asking for a declaration of how it may comply with the stock restrictions, along with appropriate orders directed to the shareholders of LaHaye Brothers so that the procedures contained in the restrictions may be correctly followed.
In conformity with the provisions of Article XVI of the articles of incorporation, American Security needs a list of the family members of the corporation and their addresses so that it may make a first offer of sale of the corporate stock to them.
*1386 Accordingly, we shall issue orders to the corporate secretary to comply with this request.
For the foregoing reasons, the judgment of the trial court is reversed and set aside. IT IS NOW ORDERED, ADJUDGED, AND DECREED that there be judgment in favor of American Security upholding the consent judgment of July 16, 1990, which recognized the Devilliers’ indebtedness to American Security and further recognized and maintained American Security’s security interest in the 277 shares of LaHaye Brothers stock owned by Flora Jane La-Haye Devillier.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that LaHaye Brothers, Inc. comply with the transfer requirements of Article XVI of the articles of incorporation by providing American Security with all information it needs to offer the 277 shares of Devillier stock for sale to the other family members.
Costs of the trial court and this appeal are assessed to LaHaye Brothers, Inc.
REVERSED AND RENDERED.